UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID NIELSEN, an individual;<br>AMERICAN BOXING & FITNESS<br>TRAINING CENTER, INC., a California<br>Corporation; and DOES 1–25,<br><br>        Defendants. | Case No.: 3:12-cv-325 AJB (WVG)<br><br>**ORDER GRANTING MOTION<br>FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 25] |

On July 28, 2012, Plaintiff filed the instant motion for preliminary injunction. Doc. No. 25. On August 1, 2012, Defendants filed their opposition and Plaintiff filed the reply on August 8, 2012. The hearing set for September 14, 2012 is hereby vacated as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Plaintiff's motion for preliminary injunction is GRANTED.

## *Background*

Plaintiff, CrossFit, Inc., is a Delaware Corporation engaged in the business of fitness training and consultancy. Compl. Doc., No. 1, at 2. Plaintiff specializes in small-box fitness programming and is the owner of several federally registered trademarks and service marks comprised of the term "CrossFit," to

be used in relation to its fitness training services. Mot. Prelim. Inj., Doc. No. 25 at 1. CrossFit fitness training is based on constantly varied, high-intensity, functional movement performed in small gym environments. *Id.* Plaintiff requires licensed affiliates to complete its nationally standardized accreditation program. *Id.* Licensed CrossFit affiliates are authorized to use Plaintiff's mark in connection with fitness training services pursuant to the terms of annually renewable affiliate licensing agreements. *Id.*

Defendants operate as "Dave Nielsen's American Boxing Muay Thai MMA Academy." Opp. Mot. Prelim. Inj., Doc. No. 28 at 7. Defendants offer customized personal training incorporating pilates, crossfit, kettlebells, resistance training, boxing, kickboxing, and more. *Id.*

On or around October 9, 2008, Plaintiff entered into an affiliate license agreement with Defendants. Compl., Doc. No. 1 at 4. Defendants listed their business name in the affiliate license agreement as "American Boxing Fitness Training Center D/B/A CrossFit Elite Pacific Beach." *Id.* Plaintiff gave Defendants authorization to use the CrossFit mark, subject to various conditions, including the renewal of an annual license agreement. Mot. Prelim, Inj., Doc. No. 25 at 2. Shortly thereafter, Defendants registered the internet domain name "crossfitpacificbeach.com." *Id.*

Defendants' affiliate license agreement lapsed in October 2009, though Defendants continued to offer CrossFit fitness training programs. *Id.* In an August 2010 email exchange, Plaintiff confirmed that it had waived Defendants' past dues, however, Defendants stated they would not comply with Plaintiff's insurance requirement or sign a new contract. Glassman Decl. Doc. No. 25-7. In a September 2010 email, Plaintiff's legal counsel informed Defendants that Plaintiff would not be renewing Defendants' affiliate license agreement and requested Defendants cease offering CrossFit classes. Mot. Prelim. Inj., Doc. No. 25-8. Since then, Defendants have continued to offer CrossFit training at their Pacific Beach location under various names. Mot. Prelim. Inj., Doc. No. 25 at 3. The Plaintiff states that from September 2010 to December 2011 it repeatedly demanded Defendants cease their infringing conduct, including an undated letter Plaintiff states was sent to Defendants in December 2010, (Compl., Doc. No. 1 at 5), and a "cease and desist" letter dated December 21, 2011. *Id.* Defendants currently offer personal CrossFit training at its Pacific Beach location under the name "American Boxing Muay Thai MMA Academy," and on various websites for entities known as "Republic Gym" and "My SD Personal

Trainer." *Id.* at 4. The web address for "crossfitpacificbeach.com" now redirects visitors to a website domain name registered by American Boxing. Mot. Prelim., Inj., Uriate Decl. Doc. No. 25-2.

On February 8, 2012, Plaintiff filed a complaint against Defendants alleging causes of action for: (1) False Designation of Origin, 15 U.S.C. § 1125(a); (2) Trademark Infringement, 15 U.S.C. § 1114; (3) Trademark Infringement, 15 U.S.C. § 1225(c); (4) Cyberpiracy, 15 U.S.C. § 1125(d); (5) State Trademark Infringement, Cal. Bus. & Prof. Code § 14245; (6) State Trademark Dilution, Cal. Bus. & Prof. Code § 14247; and (7) Unfair Competition, Cal. Bus. & Prof. Code § 17200. Compl., Doc. No. 1. On July 28, 2012, Plaintiff filed the instant Motion for Preliminary Injunction. Doc. No. 25. On August 1, 2012, Defendants filed their Response in Opposition to Plaintiff's Motion. Doc. No. 28. On August 8, 2012, Plaintiff filed its Reply. Doc. No. 34.

## *Discussion*

Plaintiff seeks a preliminary injunction enjoining Defendants' use of the CrossFit mark. In determining whether to grant a preliminary injunction, the Court applies the standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 374. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

"Courts have consistently identified a showing of irreparable harm as the single most important prerequisite for the issuance of a preliminary injunction; Plaintiff must make that showing before the other requirements for the issuance of a preliminary injunction need even be considered."[1] Until recently, for preliminary injunctions involcing trademark infringement, courts presumed irreparable

---

[1] *Inspection Management Systems, Inc. v. Open Door Inspections, Inc.*, No. 2:09–cv–00023–MCE–GGH, 2009 WL 805813, at *3 (E.D. Cal., Mar. 26, 2009) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260–61 (10th Cir. 2004))*; see Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

injury if the moving party showed a likelihood of success on the merits. *See Brookfield Communs., Inc. v. West Coast Entertainment Corp.* 174 F.3d 1036, 1066 (9th Cir. 1999). Recent precedent, however, has cast doubt on that presumption. Specifically, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) and *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 1000 (9th Cir. 2011) rejected similar presumptions in the patent and copyright contexts. In light of these cases and the Supreme Court's restatement of the standard for issuing a preliminary injunction in *Winter*, the viability of the presumption of irreparable harm in the trademark context is in question.

The Ninth Circuit has not yet addressed whether irreparable harm can be presumed upon a showing of likelihood of success on a trademark infringement claim.[2] District courts in this Circuit that have addressed this issue, have found that the governing law has changed, and there is no longer a presumption of irreparable harm upon a showing of likelihood of success on the merits.[3]

Therefore, to obtain an injunction based on any of its causes of action, Plaintiff must demonstrate that irreparable harm is real and significant, not speculative or remote. *See Winter*, 555 U.S. at 22. It must also establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). Harm is irreparable when it cannot be remedied except through injunctive

---

[2] *See Flexible Lifeline Systems*, 654 F.3d at 997 (finding that the Ninth Circuit's "summary treatment [in *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009)] of the presumption without consideration of the effect of *eBay* and *Winter* does not constitute an affirmation of the presumption's continued vitality"); *see also Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 33 (noting but not resolving the issue); *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 313 (5th Cir. 2008) (same).

[3] *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F.Supp.2d 1051, 1065 (E.D. Cal. 2009); *see Seed Services, Inc. v. Winsor Grain, Inc.*, No. 1:10–CV–2185 AWI GSA, 2012 WL 1232320, at *4 (E.D. Cal. Apr. 12, 2012) ("[T]he court will not assume the existence of irreparable injury due to a showing of success on the merits."); *AFL Telecommunications LLC v. SurplusEQ.com, Inc.*, No. CV 11–01086–PHX–FJM, 2011 WL 4102214, at *3 (D. Ariz. Sept.14, 2011) ("Irreparable harm is no longer presumed in a trademark or copyright case upon a showing of a likelihood of success on the merits."); *Mortgage Elec. Registration Sys. v. Brosnan*, No. C 09–3600 SBA, 2009 WL 3647125, at *8 (N.D. Cal. Sept. 4, 2009) ("[T]he Supreme Court's decision in *Winter* has effectively eliminated that presumption."); *Volkswagen AG v. Verdier Microbus and Camper, Inc.*, No. C 09–00231 JSW, 2009 WL 928130, at *6 (N.D. Cal. Apr. 3, 2009) ("The standard under *Winter* requires that [a plaintiff] demonstrate, by the introduction of admissible evidence and with a clear likelihood of success that the harm is real, imminent and significant, not just speculative or potential.").

relief. *See Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1210 (C.D. Cal. 2007).

### *1. Likelihood of Success on the Merits*

To demonstrate a likelihood of success on the merits for a trademark infringement claim, Plaintiff must show that Defendants use of the CrossFit mark is not only unauthorized but also likely to cause confusion. *See Brookfield Commc'ns, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1046-47 (9th Cir. 1999).

Pursuant to the October 9, 2008 affiliate license agreement, the Plaintiff authorized Defendants to use the CrossFit mark subject to the terms of the agreement, which was to be renewed annually. When Plaintiff informed Defendants in September 2010 that their license agreement would not be renewed, Defendants lost the right to use Plaintiff's trademark. Accordingly, the Court finds that any use by Defendants of Plaintiff's CrossFit mark after non-renewal of their affiliate license agreement in September 2010 was unauthorized use. As stated in *McCarthy on Trademarks and Unfair Competition:*

> Once a franchise, dealership, or license contract is terminated, there is no doubt that the former franchisee, dealer or licensee has no authorization or consent to continue use of the mark. After the permission to use the mark has ended, use of the mark must cease. The terminated dealer who is a "hold-over" and refuses to change the mark is an infringer. Continued use by former franchisee, dealer or licensee of the mark constitutes fraud on the public, since they are led to think that the continuing user is still connected with the trademark owner.

J. Thomas McCarthy on Trademarks and Unfair Competition § 25:31 (4th Ed. 2011). Defendants argue Plaintiff is not likely to succeed on the merits because Plaintiff has engaged in naked licensing,[4] the CrossFit trademark is generic and invalid, Defendants' use of Plaintiff's name is a nominative fair use and is non-infringing, and there is no likelihood of confusion under the *Sleekcraft* test. *AMF Inc., v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979); Opp. Mot. Prelim. Inj., Doc. No. 28 at 8. The Court, however, does not find these affirmative defenses convincing. The Court is not persuaded by Defendants' arguments, however, because it is clear that Defendants have and will continue to cause significant consumer confusion through the unauthorized use of Plaintiff's mark in close geographic proximity to licensed CrossFit affiliates. *AMF Inc., v. Sleekcraft Boats,* 599 F.2d 341, 349 (9th Cir.

---

[4] Naked licensing occurs when the licensor 'fails to exercise adequate quality control over the licensee." *FreecycleSunnyvale v. Freecycle Network,* 626 F.3d 509, 515 (9th Cir. 2010); quoting *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.,* 289 F.3d 589, 595-96 (9th Cir. 2002).

1979). The Defendants offer services that are nearly identical to Plaintiff while using the Plaintiff's mark and implying a direct affiliation with Plaintiff.[5] The Court finds that this, in combination with Plaintiff's evidence of consumer confusion in reviews on social media websites, such as Yelp.com, and the declaration of licensed affiliate, Anders Varner, demonstrates a strong likelihood of success on the merits, making this factor weigh in favor of the Plaintiff.

### *2. Irreparable Harm*

Plaintiff asserts a preliminary injunction is warranted because Defendants unauthorized use of the Plaintiff's mark is damaging CrossFit's reputation, goodwill, and ability to control who consumers associate with the CrossFit mark. Mot. Prelim. Inj., Doc. No. 25. The threatened loss of prospective customers, goodwill, or revenue supports a finding of irreparable harm. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 841 (9th Cir. 2001). Even without the presumption of irreparable harm, Plaintiff presents substantial evidence that Defendants infringing conduct has, and will continue to damage its goodwill and customer relations. The Plaintiff relies on consumer feedback through reviews on Yelp.com as evidence that Defendants are causing irreparable harm to CrossFit's goodwill and dealings with consumers. Plaintiff directs the Court's attention to increasingly negative Yelp.com reviews for Cross Fit Elite Pacific Beach and American Boxing Muay Thai MMA Academy posted from as early as November 30, 2009 to after this lawsuit was filed. Mot. Prelim. Inj., Doc. No. 25. The customer reviews are critical of Defendants and their services and frequently reference Defendants' advertised CrossFit training, evidencing irreparable damage to Plaintiff's goodwill and reputation. Additionally, Anders Varner, a licensed CrossFit affiliate operating a gym within close proximity to Defendants, stated that in the year prior to this Motion being filed, customers and prospective customers expressed confusion as to whether Defendants were legitimate CrossFit affiliates. Decl. Varner, Doc. No. 25-4. Varner believes advertisements on Defendants' websites and a sandwich board advertising CrossFit training in front of their gym caused customer confusion. *Id.* Varner's statement, in conjunction with other Yelp.com reviews indicating customers continue to purchase CrossFit training from Defendants, adequately demonstrates consumer confusion and harm to CrossFit's reputation, goodwill and ability to control who consumers associate with the CrossFit mark. Given that

---

[5] Defendants state on "americanboxing.net" that Mr. Nielsen is a certified CrossFit coach.

Defendants are engaging in unauthorized and damaging use of the CrossFit mark, the Court finds that unless Plaintiff is allowed to protect its mark, its ability to control its reputation and goodwill associated with the mark will be significantly reduced. *See Cyto-Sport,* 617 F. Supp2d at 1081.

Defendants contend that the Plaintiff has failed to demonstrate irreparable harm, arguing in part, that the long delay in bringing suit and moving for injunctive relief evidences a lack of irreparable harm or threat of immediate harm. A "plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.,* 762 F.2d 1374, 1377 (9th Cir. 1985). Although delay alone may not be a determinative factor in denying preliminary injunctive relief, it is relevant in determining whether injunctive relief is truly necessary. *See Miller for & on Behalf of N.L.R.B. v. California Pac. Med. Ctr.,* 991 F.2d 536, 544 (9th Cir. 1993). "The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits." *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1200 (9th Cir. 1980). Therefore when a plaintiff seeks to enjoin an existing practice, and "where no new harm is imminent, and where no compelling reason is apparent" a district court is not required to grant the preliminary injunction of a practice that has gone unchallenged for years. *Oakland Tribune, Inc.,* 762 F.2d at 1377.

The Plaintiff asserts it has not unreasonably delayed in bringing this action because it has exercised diligence in protecting its rights from the outset by offering Defendants the chance to renew their license agreement, demanding Defendants cease their infringing conduct multiple times, by filing suit and attempting to settle with Defendants in good faith before seeking injunctive relief. Reply, Doc. No. 35 at 2-3. A reasonable delay before filing suit, or between filing suit and moving for preliminary injunction, may be excused if a plaintiff can demonstrate it has attempted to protect its rights through out-of-court protests or negotiations. *See Guess?, Inc., v. Tres Hermanos,* 993 F. Supp. 1277, 1286 (C.D. Cal. 1997).

In October 2008 the parties entered into an affiliate license agreement which lapsed in October 2009. In August 2010, Plaintiff and Defendants briefly discussed the possibility of renewing Defendants's affiliate license. The Plaintiff states that from September 2010 to December 2011 it repeatedly demanded Defendants cease their infringing conduct. Compl., Doc. No. 1 at 5. In September 2010, Plaintiff's legal counsel informed Defendants that their affiliate license would not be renewed and

requested Defendants cease using Plaintiff's mark. In December of 2010, Plaintiff's legal counsel again demanded Defendants cease using Plaintiff's mark. Compl., Doc. No. 1 at 5; Ex. 4, Doc. No. 25-9. Defendants did not respond. On December 21, 2011, Plaintiff sent Defendants a cease and desist letter demanding Defendants cease their infringing conduct. Ex. 16, Doc. No. 25-21. On February 8, 2012, Plaintiff filed the instant complaint against Defendants, and then filed the motion for preliminary injunction on August 1, 2012.

While the Defendants argue that there is a significant issue as to whether equitable relief is warranted after a lapse of just over two years following the termination of the affiliate license agreement and the filing of the instant lawsuit by Plaintiff, the Court is satisfied that this delay should not bar injunctive relief, because the Plaintiff was actively engaged in good faith negotiations during this time.

### *3. Balance of Equities and Public Interest*

Plaintiff states, and the Court agrees, the balance of equities also weighs in its favor because CrossFit has a strong interest in protecting its reputation and goodwill, which will be irreparably harmed absent injunctive relief. Defendants offer no countervailing equitable interest, and presumably cannot, because the requested injunctive relief would allow them to continue offering their services, albeit without using the CrossFit mark.

The Court also finds that the public interest weighs in favor of an injunction. "In the trademark context, courts often define the public interest at stake as the right of the public not to be deceived or confused." *Cytosport,* 617 F. Supp. 2d at 1081. Here, the public has a strong interest in being free from confusion due to Defendants' infringing conduct, especially due to the significant expense, nature of the service, and close proximity to a legitimate CrossFit affiliate.

### *Conclusion*

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion for a preliminary Injunction. Defendants and their officers, agents, employees, independent contractors, or other persons acting under Defendants supervision or control or at Defendants request are enjoined from further use of the Plaintiff's CrossFit mark in advertising, e-mails, letters, or other correspondence to current or prospective customers, or making verbal statements to such persons, or posting materials on a website, which state or imply an authorization by, or affiliation with CrossFit.

Neither party has mentioned or requested a bond pursuant to Federal Rule of Civil Procedure 65(b) as a condition of this injunction going into effect, so none is ordered.

IT IS SO ORDERED.

DATED: September 12, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge